**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ABDIEL AVILA,                      :
                                                 Civil Action No. 09-3278 (RBK)
         Petitioner,    :

         v.              :          **O P I N I O N**

ERIC TAYLOR, et al.,               :

         Respondents.   :

---

**APPEARANCES**:

Abdiel Avila, Pro Se
04-17596
Camden County Correctional Facility
330 Federal Street
Camden, NJ 08103

**KUGLER**, District Judge

    This matter is before the court pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2254, filed by Petitioner Abdiel Avila, on or about July 6, 2009.  Petitioner submitted an application to proceed in forma pauperis ("IFP") with his petition.  For the reasons stated below, the IFP application will be granted; however, the petition will be dismissed without prejudice at this time for failure to exhaust state court remedies.

**BACKGROUND**

On July 6, 2009, Petitioner filed this petition, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner seeks to challenge a judgement of conviction issued by the Superior Court of New Jersey, Camden County, on June 25, 2009. According to the petition, on that date, Petitioner was sentenced to 95 years incarceration after a conviction for two counts of aggravated sexual assault and two counts of endangering the welfare of a child. (Petition, ¶¶ 2-5).

Petitioner has not yet appealed the conviction and sentence. He states that his direct appeal is "pending." (Pet., ¶ 9). It is clear from the petition that Petitioner has not yet presented any constitutional claims through the state appellate process with respect to this new conviction.

**ANALYSIS**

**A. Pro Se Pleading**

Avila brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v.

Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

## B. Exhaustion Analysis

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or . . . circumstances exist that render such process ineffective . . . ."[1]  28 U.S.C. § 2254(b)(1); see also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.  See Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at

---

[1] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

516-18. Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review. See Rose, 455 U.S. at 519.

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) (requiring "state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. See Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. See Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be "substantial equivalent[s]" of the claims asserted

in the federal habeas petition.  See Picard, 404 U.S. at 275.
Reliance on the same constitutional provision is not sufficient;
the legal theory and factual predicate must also be the same.
See id. at 277.

Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies.  See 28 U.S.C. § 2254(c).

In the present case, the petition, on its face, shows that Petitioner has failed to exhaust his state court remedies with respect to the challenged state court conviction and sentence. Petitioner admits in his petition that his state criminal proceedings are pending at the time he filed this habeas action.

As a matter of comity then, it is best left to the New Jersey courts to determine Petitioner's unexhausted claims on direct appeal, which he has yet to file.  Therefore, based on the allegations represented by Avila in his petition, it is obvious that Petitioner's claims for habeas relief in this instance have not been fully exhausted before the highest court in New Jersey, and that Petitioner has yet to file for direct review of his claims in state court.  Accordingly, the Court is constrained to dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254.  See Rose, 455 U.S. at 510.

5

## **CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

## **CONCLUSION**

For the foregoing reasons, this Court finds that Petitioner has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust.  The court therefore will dismiss without prejudice the § 2254 habeas petition for failure to exhaust available state court remedies.

No certificate of appealability will issue, insofar as Petitioner has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).


                                                  s/Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge
Dated: July 23, 2009